IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WILLIER, INC.,

          Plaintiff,

v.                                        CIVIL ACTION NO. 5:06-cv-00547

WILLIAM BENNETT HURT, et al.,

          Defendants.

**MEMORANDUM OPINION**

The plaintiff, Willier, Inc., brings this diversity action against its former employee, William Bennet Hurt and others, David Rapp, Harvest Equipment Company and First National Bankshares Corporation, for breach of contract, breach of fiduciary duty, fraud, conversion, and negligence. Jurisdiction is present under 21 U.S.C. 1332.[1]

Before the Court is defendants' David Rapp ("Mr. Rapp") and Harvest Equipment Company's ("Harvest") Motion to Dismiss Counts I and V of plaintiff's complaint, asserting claims

---

[1] The Complaint alleges that defendant William Bennett Hurt is a resident of Water Valley, Mississippi and defendant David Rapp is a citizen of Renick, West Virginia. The Complaint also alleges that Harvest Equipment Company and First National Bankshares Corporation are incorporated under the laws of West Virginia with principle places of business in West Virginia. Plaintiff, Willier, Inc., is incorporated under the laws of Pennsylvania with its principle place of business in Lancaster County, Pennsylvania. Thus, complete diversity is present in this action. Mayes v. Rapport, 198 F.3d 457, 460 (4th Cir. 1999) (the complete diversity rule clarifies that the statute authorizing jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side). See Strawbridge v. Curtis, 7 U.S. (3 Cranch) 267 (1806)). The Complaint also alleges compensatory damages in excess of $75,000. Friedman's Inc. v. Dunlap, 290 F.3d 191, 191 (4th Cir. 2002).

of common law fraud and negligence [Docket No. 6] because plaintiff failed to assert these claims within the applicable two-year limitations period. W. Va. Code § 55-2-12.

## I. FACTS

The facts are limited for the purpose of this motion. Plaintiff Willier, Inc.'s primary business is the buying and selling of cattle [Complaint ¶ 11]. Defendant William Bennett Hurt ("Mr. Hurt"), plaintiff's only employee, functioned as a cattle broker for the plaintiff [Complaint ¶ 12]. At some point in February 2003, plaintiff alleges that Mr. Hurt began creating false invoices for services and merchandise that required plaintiff's payment and issuing checks for the payment of the fabricated goods and services [Complaint ¶ 20]. Plaintiff further alleges that Mr. Hurt provided these checks to Mr. Rapp, and that Mr. Rapp deposited these checks into an account maintained for Mr. Rapp's business, Harvest Equipment Company, and several personal checking accounts. [Complaint ¶ 19-24]. Plaintiff alleges that Mr. Hurt was issuing these unauthorized checks to pay a personal debt to Mr. Rapp and for his own financial gain. Id.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in plaintiffs' complaint as true, it appears certain that the plaintiffs cannot prove any set of facts that would entitle them to relief. Migdal v. Rowe Price-Fleming Int'l., Inc., 248 F.3d 321, 325 (4th Cir. 2001). The court must presume plaintiffs' factual allegations to be true, and accord all reasonable inferences to the non-moving party, but Rule 12(b)(6) is not without meaning - the presence of a few conclusory legal terms will not insulate the complaint from dismissal. Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001). The court need not accept as true allegations that contradict the exhibits . . . and in the event of a conflict between the bare allegations

of the complaint and the exhibits, the exhibits shall control. Fayetteville Investors v. Comm'l Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

### III. ANALYSIS

It is undisputed that West Virginia substantive law applies in this case and that the statute of limitations for fraud and negligence claims is two years.[2] See W. Va. Code § 55-2-12; Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 599-600 (4th Cir. 2004) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 79 (1938)). "Under West Virginia law, claims in tort for negligence, professional negligence, and misrepresentation (fraudulent or negligent) are governed by a two-year statute of limitation." Trafalgar House Constr. Inc. V. ZMM, Inc., 567 S.E.2d 294, 296 (W. Va. 2002).

Defendants assert that the final alleged fraudulent check was drawn on May 3, 2004, and therefore plaintiff was required to file its fraud and negligence claims on or before May 3, 2006 [Docket No. 5 p.4 ¶ 2]. In response, plaintiff concedes that several facts alleged in the Complaint occurred outside the statutory period, but contends that the running of the two-year limitations period in this case was tolled through the operation of the "discovery rule." [Docket No. 12 p.3 ¶

---

[2] W. Va. Code § 55-2-12 states:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

2]. "Under the discovery rule, a statute of limitation is tolled and does not begin to run until a claimant knows or by reasonable diligence should know of his claim." Trafalgar House Constr. Inc., 567 S.E.2d at 296-97. "The discovery rule is generally applicable to all torts, unless there is a clear statutory prohibition of its application." Id. The West Virginia Supreme Court has defined the application of the discovery rule as follows:

> [T]he statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Trafalgar House Constr. Inc., 567 S.E.2d at 297 (quoting Gaither v. City Hospital Inc., 487 S.E.2d 901, 904 (W. Va. 1997).

Plaintiff asserts that it had no notice of the injury in this case until approximately two months after the final unauthorized check was cashed, specifically, on July 26, 2004 [Docket No. 12 p.3 ¶ 2]. Plaintiff's complaint alleges that Gary Willier, Vice President of Willier, Inc., discovered that Mr. Hurt was issuing unauthorized checks only after speaking with Mr. Rapp on July 26, 2004 [Docket No. 1 ¶ 14]. At that time, Mr. Rapp informed Mr. Willier that Mr. Hurt had provided him with several checks payable to Willier, Inc. vendors to pay Mr. Hurt's personal debt. Id. Plaintiff also alleges that Mr. Rapp and Mr. Hurt intentionally sought to keep these transactions secret from Mr. Willier by making the checks payable to several of plaintiff's known vendors [Docket No. 12 p.6 ¶ 2]. In addition, plaintiff contends that there is at least a factual issue regarding when plaintiff should have known through its reasonable diligence that Mr. Hurt was issuing unauthorized checks and therefore discovery is warranted on this issue. Id.

Defendants respond by arguing that plaintiff has merely alleged that defendants actually concealed the alleged transactions and have failed "to make a strong showing that the alleged injury was concealed by any acts of the defendants" and therefore cannot avail itself of the discovery rule [Docket No. 6 p.4 ¶ 2]. In support of this argument, the defendants primarily rely on Cart v. Marcum, 423 S.E.2d 644, 645 (W. Va. 1992). In Cart, the West Virginia Supreme Court affirmed the lower court's ruling that the applicable statute of limitations was not tolled by the discovery rule because the plaintiff, a property owner, was aware that loggers were removing timber from his land without executing a proposed contract that gave them the authority to do so. Id. There, the court held that plaintiff could not avail himself of the discovery rule because plaintiff was aware of the first unauthorized removal of timber from his land more than two years before he brought his claim for conversion. Id. In sum, the Court held that the plaintiff's assumption that defendants would eventually sign the written contract that authorized the removal of timber was not sufficient to toll the statute of limitations. Id.

Here, plaintiff alleges that Mr. Hurt purposely issued checks payable to known Willier, Inc. vendors so that the payments would appear related to a legitimate business expense. In addition, plaintiff alleges that Mr. Hurt created false invoices for services and merchandise requiring payment by the plaintiff and then diverted the funds to Mr. Rapp or for his own personal use. In sum, plaintiff alleges that Mr. Hurt took painstaking efforts to conceal the true payee of the checks and to balance plaintiff's bookkeeping with forged invoices that legitimatized the payments [Docket No. 1 ¶¶ 14-24]. This was not the case in Cart, where the plaintiff was specifically aware that the defendants were removing timber from his property without first executing the written contract.

Presuming plaintiff's factual allegations to be true, and according all reasonable inferences in its favor, plaintiff has alleged sufficient facts at this time to avail itself of the discovery rule and to therefore toll the application of W. Va. Code § 55-2-12. At the very least, there is factual dispute regarding when plaintiff should have known that Mr. Hurt was allegedly issuing unauthorized checks and the parties are entitled to discovery on this matter. See Trafalgar House Constr. Inc., 567 S.E.2d at 296. Accordingly, defendants' motion to dismiss Counts I and V are denied.

## IV. CONCLUSION

For the reasons stated herein, defendants' Motion to Dismiss Counts I and V [Docket No. 6] is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   March 27, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE